IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAMIONNE M. NICHOLS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:15-CV-027 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus received from Damionne M. Nichols, a *pro se* prisoner, on January 20, 2015. The petition (DE 1) challenges his conviction for Possession of a Firearm by a Serious Violent Felon and 16 year sentence on February 28, 2012, by the Allen Superior Court under cause number 02D06-1101-FB-11. For the reasons set forth below, the Court **DENIES** the habeas corpus petition and **DENIES** a certificate of appealability.

BACKGROUND

Following his conviction, Nichols filed a direct appeal with the Court of Appeals of Indiana, but he did not petition for transfer to the Indiana Supreme Court. DE 6-2. After his post-conviction relief petition was denied, he filed a notice of appeal, but he did not file an appellant's brief. DE 6-6. As a result, his

appeal was dismissed by the Court of Appeals of Indiana and he did not file a petition to transfer challenging that ruling.

DISCUSSION

The respondent argues that the petition is procedurally defaulted. "To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts." *Anderson v. Benik*, 471 F.3d 811, 814-15 (7th Cir. 2006) (quotation marks and citation omitted).

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

The State court records show that Nichols did not present any of his grounds to the Indiana Supreme Court. Nichols does not assert that he did. Rather he argues that his "appeal was improperly disposed of due to a refusal of [the Court of Appeals of

2

Indiana] to acknowledge their failure to timely notify Petitioner of pertinent deadlines caused by their miscommunication." DE 1 at 5. In sum, he is simply arguing that he did not know the procedural rules which explained when he was required to file his brief. However, "it is well established in this Circuit that circumstances such as youth, lack of education, and illiteracy are not external impediments within the context of excusing procedural default." *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003). Indeed, *Harris* went on to hold that neither mental retardation, mental deficiencies, nor mental illness demonstrate cause to excuse procedural default. Therefore, Nichols' ignorance of the law does not excuse procedural default. Because his claims are procedurally defaulted, this court cannot consider them.

CONCLUSION

For the reasons set forth above, the Court **DENIES** the habeas corpus petition and **DENIES** a certificate of appealability.

DATED: April 15, 2016	/s/RUDY LOZANO, Judge
	United State District Court